# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| Stillwater Harbor, LLC,<br><br>      Petitioner,<br><br>  v.<br><br>SUSSEX COUNTY PLANNING &<br>ZONING COMMISSION,<br>COMMISSIONERS OF SUSSEX<br>COUNTY PLANNING & ZONING<br>COMMISSION, SUSSEX COUNTY<br>COUNCIL, MEMBERS OF SUSSEX<br>COUNTY COUNCIL<br><br>      Respondents. | C.A. No. S23A-11-001 MHC |

## ORDER

Submitted: June 11, 2024
Decided: August 8, 2024

*Upon Petitioner Stillwater Harbor, LLC's*

*Petition for Writ of Certiorari,* **DENIED.**

Richard Forsten, Esquire, Mackenzie Peet, Esquire, SAUL EWING LLP, 1201 N. Market Street, Suite 2300, Wilmington, Delaware, 19801, *Attorneys for Petitioner*.

David N. Rutt, Esquire, MOORE & RUTT, 122 West Market Street, Georgetown, Delaware, 19947, *Attorney for Respondents*.

**CONNER, J.**

This eighth day of August, 2024, upon consideration of the parties' briefings and the vast record before the Court, it appears to the Court that:

1.      Petitioner Stillwater Harbor, LLC ("Stillwater") seeks to subdivide a tract of land lying north of the Indian River in the Oak Orchard area of Sussex County. If approved, the subdivision will convert 57 mostly wooded acres zoned for both medium and general residential use into 123 individual lots.[1]

2.      On April 27, 2023, the Sussex County Planning & Zoning Commission ("Commission") held a public hearing on Stillwater's application for the 57 acre subdivision preliminary plan (the "Application"). At the end of the hearing the Commission held the record open for: (1) written comments; (2) a review of the Subdivision's Resource Buffers; and (3) a report from the Commission's Counsel, Vincent G. Robertson, Esquire, ("Mr. Robertson"), regarding the ability of Stillwater to use Jackson Draine Lane.[2] Stillwater did not object to the record being held open and submitted supplemental briefing to the Commission.[3] On June 8, 2023, the Commission closed the record following the submission of Mr. Robertson's Jackson Draine Lane easement report.[4]

---

[1] Record at B0066.
[2] *Id.* at B2427-B2428.
[3] *Id.* at B2535.
[4] *Id.* at B2460.

3. On June 22, 2023, Commissioner Hoey-Stevenson moved the Commission to deny the Application providing 11 specific justifications in support of denial.[5] With one abstention the Commission unanimously denied the Application by a vote of 4-0.[6] On July 20, 2023, Stillwater appealed the Commission's denial to the Sussex County Council ("Council") on two grounds arguing: (1) the Application complies with County Code and is therefore entitled to approval; and (2) the Commission failed to act upon the Application within 45 days of its submission.

4. On October 24, 2023, the Council held a hearing on Stillwater's appeal from the decision of the Commission.[7] Mr. Forsten presented Stillwater's appeal to the Council. Mr. Robertson's presentation of the Commission's opposition followed. On November 7, 2023, the Council unanimously voted in favor to affirm the decision of the Commission below denying the Application.[8]

5. Unhappy with the decision of the Council, Stillwater filed a petition for writ of certiorari in this Court. The petition seeks the reversal of the Council's decision affirming the Commission's denial of the Application. Stillwater argues the Council erred on two grounds. First, Stillwater argues that the Application should

---

[5] Record at B0117-B0135.
[6] *Id.* at B0135-B0136.
[7] *Id.* at B1764-B1916.
[8] *Id.* at B1747.

3

be "deemed approved" because the Commission exceeded the 45-day timeframe to approve or deny it. Second, Stillwater argues the Application complied with code and therefore its rejection is improper.

6. This matter is before the Court upon a writ of certiorari. "The purpose of a writ of certiorari is to permit this Court to review the record of a proceeding decided by a lower tribunal. Delaware law is clear that a writ of certiorari is not the functional equivalent of appellate review."[9] "Certiorari review differs from appellate review in that an appeal 'brings up the case on its merits,' while a writ brings the matter before the reviewing court to 'look at the regularity of the proceedings.'"[10] "The Court may not weigh evidence, disturb the lower tribunal's factual findings or decide the merits of the case. Therefore, the Court shall uphold the decision of the lower tribunal unless the petitioner can demonstrate that the decision was arbitrary and unreasonable on its face."[11]

7. Stillwater's first argument is that pursuant to 9 *Del. C.* § 6811 the Application is "deemed approved" because the Commission failed to approve or deny it within 45 days of its submission. The Application was first submitted on

---

[9] *Dorsey v. AKA Mgmt.*, 2024 WL 1173609, at *2 (Del. Super. Ct. Mar. 18, 2024) (internal citations omitted).
[10] *395 Assocs., LLC v. New Castle Cnty.*, 2006 WL 2021623, at *3 (Del. Super. July 19, 2006) (quoting *Breasure v. Swartzentruber*, 1988 WL 116422, at *1 (Del. Super. Oct. 7, 1988)).
[11] *Dorsey*, at *2 (internal citation omitted).

April 17, 2023.[12]  Ten days later, on April 27, 2023, the Commission held the record open for additional submissions following a public hearing.[13]  Stillwater neither objected to this decision to hold the record open nor did they request the imposition of a temporal restriction for the additional submissions.  In fact, Stillwater submitted additional briefings on May 5, 2023.[14]  On June 8, 2023, Mr. Robertson submitted his report on Jackson Draine Lane at which point the Commission closed the record.[15]

8.    It is clear on the face of the record that the Application is not simply deemed approved as a matter of law because the Commission did not approve or deny it within 45 days of Stillwater's initial submission.  The record was held open for additional briefing necessary for the Commission to make an informed decision as to the preliminary plan.  Stillwater took part in the submission of additional briefing.  The record closed on June 8, 2024, following the submission of Robertson's report.  It was at this point the 45-day clock began to run.  Fourteen days later, on June 22, 2023, the Commission rendered their decision denying the Application in accordance with the statutory requirements of 9 *Del. C.* § 6811.[16]

---

[12] Pet'r Op Br. at 6.
[13] Record at B2427-B2428
[14] Record at B2535.
[15] *Id.* at B2460.
[16] *Id.* at B0135-B0136.

9. Stillwater next argues that the Council erred in affirming the Commission's denial of the Application because it "complies with the specific criteria set forth in the code."[17] The Commission raised 11 deficiencies in their denial of the Application.[18] The Council cited to four specific deficiencies in the Application in its decision to affirm the Commission.[19] First, Sussex County Code § 99-17B requires the access to a subdivision to be a public highway at least 50 feet wide and River Road varies from 42-46 feet wide.[20] Second, the Commission found the application deficient with regards to the 17 mandatory factors it must consider in its decisions to approve or deny a subdivision plan pursuant to Sussex County Code § 99-9(C).[21] Third, the imposition of additional conditions on the Application will not rectify ongoing flooding in the area or cure its deficiencies with regard to §99-17(B) and §99-9(C).[22] Finally, the Jackson Draine Lane easement will not benefit Stillwater Harbor's future lots and is inadequate as an emergency access.[23] The Council and the Commission below clearly articulated the ways in which the Application failed to comply with the standards set forth in the County Code.

---

[17] Pet'r. Op. Br. at 18.
[18] Record at B0117-B0135.
[19] Record at B1745-B1746.
[20] *Id.* at B1745.
[21] *Id.*
[22] *Id.* at B1745-B1746.
[23] *Id.* at B1746.

10.    Stillwater has failed to demonstrate that the lower tribunal erred as a matter of law or rendered their decision in an arbitrary or unreasonable manner. Given the broad deferential standard to the lower tribunal on a petition for writ of certiorari this Court must uphold their decision.  For these reasons Stillwater's petition is **<u>DENIED</u>**.

**IT IS SO ORDERED.**

/s/ *Mark H. Conner*
Mark H. Conner, Judge

Via File & Serve
oc: Prothonotary

7